IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROBERT E. REICHMAN,
    Petitioner,

vs.                                    Case No.:  3:06cv155/RV/EMT

JAMES R. McDONOUGH,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

      Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 2).  Respondent filed a motion to dismiss the petition as untimely (Doc. 10).  Petitioner filed a reply (Doc. 14).  This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b).  After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter.  It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.      BACKGROUND AND PROCEDURAL HISTORY

      On August 21, 1989, pursuant to a written plea agreement, Petitioner was convicted in the Circuit Court in and for Escambia County, Florida, of one count of escape, one count of burglary with assault, and one count of robbery (Doc. 10, Ex. A at 85-86, 88-92).  He was sentenced in absentia to two concurrent terms of fifteen (15) years of incarceration on the escape and robbery charges, and a term of twenty-two (22) years of incarceration on the burglary charge, to run concurrently with the sentences imposed on the other counts and consecutively to a federal sentence Petitioner was then serving (*id*. at 77, 88-92).  Petitioner did not directly appeal the judgment of conviction and sentence.

In February or March of 2004, Petitioner filed a § 2254 petition in the United State District Court for the Southern District of Indiana, the jurisdiction where Petitioner was then incarcerated, challenging his Florida conviction, however, the petition was dismissed without prejudice to permit Petitioner to exhaust state court remedies (Doc. 2 at 2; attached Entry Discussing Petition for Writ of Habeas Corpus).

On August 7, 2004, Petitioner filed a motion for postconviction relief with the Florida trial court, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Doc. 10, Ex. A at 1-35). The trial court denied the motion on the merits on December 6, 2004 (*id*. at 77-121). Petitioner appealed the denial to the Florida First District Court of Appeal, and the appellate court affirmed the decision per curiam without opinion on May 17, 2005, with the mandate issuing July 13, 2005 (Doc. 10, Exs. B, C). Reichman v. State, 905 So.2d 128 (Fla. 1st DCA May 17, 2005) (Table).

Petitioner filed the instant habeas action on April 14, 2006 (Doc. 2 at 16).

II.   TIMELINESS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

In the instant case, Petitioner does not assert that he was prevented from filing his federal habeas petition by State action in violation of the Constitution or laws of the United States, that he bases any of his claims on a right newly recognized by the Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence prior to when his conviction became final. Thus, the statute of limitations must be measured from the remaining statutory trigger, the date on which his conviction became final. *See* 28 U.S.C. § 2244(d)(1).

In his reply to Respondent's motion to dismiss, Petitioner argues that his conviction was not final on September 20, 1989, upon expiration of the 30-day time period to file a notice of appeal, because he was not present at his sentencing hearing and, therefore, was not advised in open court of his right to appeal within that time period (Doc. 14 at 3-4). Petitioner states he received "notice of this sentence" in 1990 (*id*. at 3). Petitioner further argues that his conviction was not final until July 13, 2005, upon issuance of the mandate of the state appellate court affirming the denial of his state post-conviction motion.

As previously noted, the relevant statutory trigger for the federal limitations period is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). It does not appear that prior to 1996 Florida law imposed a deadline for defendants seeking belated appeals of their convictions and sentences; however, in 1996, the Florida Rules of Appellate Procedure were amended to provide a two-year time limit on proceedings to obtain delayed appellate review. *See* Fla. R. App. P. 9.140(j)(3). In 1996, the appellate rules were amended to provide that an application for belated appeal must be filed two years "after the conviction becomes final." *Id.* For purposes of the rule, "a conviction becomes final after issuance of the mandate or other final process of the highest court to which direct review is taken, including review in the Florida Supreme Court and United States Supreme Court"; however, subdivision (j)(3)(C) of the rule "makes clear that defendants who were convicted before the effective date of the rule will not have their rights retroactively extinguished but will be subject to the time limits as calculated from the effective date of the rule . . . ." *Id.* (commentary to 1996 Amendment). The effective date of the amendment to the rule was January 1, 1997. In 2000, the provisions of the rule providing for petitions seeking belated appeal or alleging ineffective assistance

of appellate counsel were removed from Rule 9.140 and incorporated into a new rule, Rule 9.141, but no substantive changes to the provision were made.  *See* Fla. R App. P. 9.141(c) (commentary to 2000 Amendment).

According to the state procedural rules, the latest date on which Petitioner could have sought direct review of his judgment of conviction was January 1, 1999, upon expiration of the two-year time limit for seeking a belated appeal.[1]  Thus, although Petitioner may have an argument that his conviction did not become final until January 1, 1999, upon expiration of the time period for filing an application for belated appeal, there is no legal basis for his contention that his conviction did not become final until July 13, 2005, upon conclusion of the state post-conviction proceeding.

If this court accepted the proposition that Petitioner's conviction became final upon expiration of the time period for seeking a belated appeal of his conviction, the one-year period for filing his federal habeas petition expired one year later, on January 1, 2000.  Petitioner's later filed state post-conviction motion did not toll the filing period because the filing period had already expired.  *See* Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (citing Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)).  Therefore, Petitioner's habeas petition, filed on April 14, 2006, was obviously untimely.

In his reply to Respondent's motion to dismiss, Petitioner additionally contends that he could not have filed his federal petition earlier than he did because he was unable to pursue his state court remedies until he returned to Florida in 2004.  Although Petitioner states that he is not claiming that the federal limitations period should be equitably tolled, rather, he is claiming that his conviction did not become final until July 13, 2005, upon conclusion of the Rule 3.850 proceeding (*see* Doc. 14 at 5), this court liberally construes his argument as asserting that he is entitled to equitable tolling of the federal limitations period.

---

[1] The state procedural rules provide an exception to the two-year time limit in cases where the petition for belated appeal alleges "under oath with a specific factual basis that the petitioner (i) was unaware an appeal had not been timely filed or was not advised of the right to an appeal; and (ii) should not have ascertained such facts by the exercise of reasonable diligence." Fla. R. Crim. P. 9.141(c)(4) (formerly Rule 9.140(j)). In the instant case, Petitioner has not alleged any facts showing that he could not have ascertained his right to appeal his conviction and sentence by the exercise of reasonable diligence.  In fact, he does not allege that he made any effort to ascertain this information, for example by inquiring of his trial counsel or the trial court.  Therefore, he has provided no grounds for extending the two-year limit for seeking a belated appeal beyond January 1, 1999.

Case No.:  3:06cv155/RV/EMT

"Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001). However, equitable tolling is an extraordinary remedy that is applied sparingly; indeed, it is appropriate only "when a movant untimely files because of extraordinary circumstances that are both beyond his control *and* unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also* Wade v. Battle, 379 F.3d 1254, 1264-65 (11th Cir. 2004) (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002) and Sandvik, *supra*). The burden of establishing entitlement to this extraordinary remedy rests with Petitioner. Wade, *supra*; Drew, *supra*.

In the instant case, Petitioner asserts that he was serving a sentence outside the State of Florida from July 3, 1989 to April 9, 2004, and pursuant to Florida law, he was not required to seek state post-conviction relief until he returned to Florida (Doc. 14 at 1-4). He also suggests he was without access to Florida legal materials until he returned to the State, which also prevented him from fulfilling the § 2254 exhaustion requirement until that time (*see* Doc. 14 at 1). Petitioner's bare allegation of no access to Florida materials does not provide enough evidence for this court to conclude that Petitioner was denied access to the courts and that this caused his late filing. *See* Booker v. Folino, 2005 WL 3447641 (E.D. Pa. Dec. 15, 2005); Kephart v. Czerniak, 2004 WL 1318880 (D. Or. June 9, 2004); Pryor v. Cockrell, 2003 WL 298622 (N.D. Tex. Feb. 10, 2003).[2]

Additionally, even if Petitioner is entitled to equitable tolling until his arrival in Florida on April 9, 2004, he still failed to file his federal petition within one year from that date. He did not file his state post-conviction motion until August 7, 2004, after 120 days of the federal limitations period had elapsed. Furthermore, when the state post-conviction proceeding concluded, on July 13, 2005, he waited an additional 274 days before filing the instant petition on April 14, 2006. Thus, he exceeded the one-year deadline by 29 days. Moreover, the unexplained periods of delay in filing

---

[2] Although opinions from other district courts and unpublished opinions are not binding on this district court, they may be considered persuasive authority. *See* Fishman & Tobin, Inc. v. Tropical Shipping & Const. Co., Ltd.*,* 240 F.3d 956, 965 (11th Cir. 2001); United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000); Eleventh Circuit R. 36-2.

Case No.: 3:06cv155/RV/EMT

his state and federal applications defeat any contention that Petitioner exercised due diligence in pursuing state and federal relief.

For the aforementioned reasons, this court concludes that the instant petition should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's Motion to Dismiss (Doc. 10) be **GRANTED**.

2. That the petition for writ of habeas corpus (Doc. 2) be **DISMISSED** with prejudice as untimely.

At Pensacola this 31st day of August 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No.:  3:06cv155/RV/EMT